Good afternoon. John Ballas on behalf of the defendant, Kendall Thrift. I'm intending to preserve two minutes for rebuttal. Thrift's primary claim in this appeal is that the search warrant affidavit for an Eldorado Hills house lacked probable cause to search it for drugs or firearms, and the affidavit was so deficient that no reasonable officer could reasonably rely on the warrant. The affidavit contained lots of evidence that another individual, Jeremy Zahn, was involved in drug trafficking, marijuana trafficking in particular, but it had very little evidence linking it to the particular house where the search warrant was asked for at 773 Shoreline Point in Eldorado Hills. The evidence with respect to that house consisted primarily of two areas. One was GPS tracking device evidence where the affiant said that over a 16-day period, a GPS tracking device tracked Zahn's Lexus that he was driving to a to the vehicle, and it repeatedly stopped at the house for several hours at a time. And then second, on one particular occasion, on April 9th, when the vehicle was tracked to the house, officers went to the house, they saw Zahn enter, they saw him, he was there for several hours, and then at 435 in the afternoon, he entered the vehicle, left, and then 15 minutes later his vehicle was stopped, and they found three packages with brown wrapping paper, UPS packages, one that contained 15.6 pounds of marijuana. So why isn't that enough? It's not enough because no reasonable officer, reasonably prudent officer, could conclude that there was evidence of marijuana trafficking in the Shoreline Point residence. And in the fact that the officers reported observing Zahn enter the vehicle on that April 9th, leaving the residence, but not mentioning that he was carrying any boxes or any packages. In this case in particular, there were three packages of 15 pounds each, which likely would even take two trips to the vehicle, and it did not mention that. It also, the affidavit does not mention that the vehicle went straight, was stopped directly 15 minutes later, and did not stop anywhere on the way. And in those circumstances, we contend that no reasonably prudent officer could believe that there was probable cause to find marijuana or marijuana evidence of marijuana trafficking in the El Dorado Hills residence. And then the second claim here is a Frank's claim, and that the Frank's motion listed four specific areas where we believe that there were either false statements or omissions that were made recklessly or intentionally, and the claim is that the district court erred by failing to grant an evidentiary hearing. And the four particular points were one, the officer said that the vehicle Zahn was driving was registered to him when it was registered to his girlfriend. Second, the officer said in his affidavit that the vehicle was tracked through GPS to the residence at 773 Shoreline Point Drive, when in fact it was actually tracked through GPS to three different addresses near that residence on the same street, but not at that residence. Third, the affidavit didn't state other places omitted information where the vehicle was time of the arrest of Zahn on April 9th, the affidavit says that he has two sets of keys, but it didn't state that the key ñ neither set of keys unlocked the ñ went to the residence of Shoreline Point and that the garage opener didn't access that as well. And these ñ that is significant, and these are all significant, because the evidence was attempting to show that the officer concluded that the Shoreline Point residence was a stash house or a suspected stash house and that in each of these four instances a properly constructed affidavit would have been less ñ would have tended to negate probable cause in small ways, but combined cumulatively would have been significant. And I'm going to reserve my remaining four and a half minutes for rebuttal. Thank you, Counsel. Good afternoon. Justin Lee for the United States. May it please the Court. The search warrant for the Shoreline Point residence was based on probable cause. However, this Court need not find probable cause. This Court need only find a substantial basis for the reviewing judge to find probable cause. And here there was more than a substantial basis. Parolee Zahn was stopped after leaving the Shoreline Point residence. Law enforcement searched his car and found three large brown boxes with UPS labels for different locations. A canine alerted to those packages, and the first package was opened and found to contain 15 pounds of processed marijuana in vacuum-sealed bags. If there are no further questions from the Court, I'll submit the remainder of my time. Well, what ñ how do you distinguish Green Street? Green Street dealt with a suspected drug dealer based on a prior conviction. There was no indication of an active drug-trafficking operation or that he was involved. And it dealt with one visit without any more evidence about any more involvement with that particular residence. In this case, there was evidence of an active drug-trafficking operation. When Zahn was first stopped, officers looked at his phone. They found text messages indicating that he was involved in manufacturing and distributing marijuana and that there were others involved. Further, they found large pictures of large quantities of marijuana, large quantities of cash and firearms. And two searches of Zahn's house did not turn up large quantities of marijuana, large amounts of cash or firearms. And how about Heron? Heron dealt in a similar fashion with a person that was suspected of being involved in drug-trafficking based on his prior criminal history. He had prior manufacturing of marijuana convictions. In that particular case, there was no evidence of an actual involvement. Bucks, who was the focus of the investigation, was seen on Heron's farm on one occasion. And on that basis of the relationship, the prior criminal history, and the one time Bucks was on Heron's farm, they applied for a search warrant. Here, again, there was evidence of an active operation, and there was actually seized marijuana. In neither Bucks nor in the Heron case nor in the Green Street case was there actual drug seized prior to the search warrant. And you would agree that the items that were missing from the affidavits in terms of the Franks argument were, in fact, omitted? Yes, Your Honor. And I gather your argument is that it was not prejudicial? Yes, Your Honor. Go ahead. First, with respect to the registration, the registration stated in the affidavit that the car was registered to Zahn. There were two reports written after that search warrant that indicated the registration was for his girlfriend, Alexis. That fact was different in the affidavit. The other items were speculation that were not supported by an offer of proof, so they were not involved in the affidavit. However, there's been no substantial preliminary showing that there was, in fact, any basis for those arguments. Further questions? Okay. Thank you, counsel. Thank you, Your Honor. With respect to the Heron case, I don't think it's accurate to state that the marijuana farmer in that case, Mr. Buck, went to visit just one time to Mr. Heron's residence. In that case, what the facts were is that there were two marijuana growers, two Bucks and one marijuana farm, and that they had evidence that there was marijuana planted hidden underneath corn. Mr. Heron, who was at a prior marijuana conviction, was a relative related to the Bucks. When they went to the Heron residence and looking for Mr. Buck, Mr. Buck was there and told the officers that he was staying at the residence. So that's more than just a one-time visit. He was there for a substantial period of time, and that he was staying there to grow corn, which is the exact same thing that they were — had evidence that he was growing marijuana under the corn at his residence. So I think that case is much more substantial, and they found not only no probable cause, but also no reasonable officer could rely on the warrant. With respect to the Franks points, I wanted just to go briefly on why I think each of them are prejudicial. With respect to the registration of the vehicle belonging in the name of his girlfriend rather than Mr. Zahn, that suggests that, at best for the government, both people are using the vehicle, and that on other occasions when the vehicle was tracked to the residence, that the girlfriend may have been going there or they may have gone as a couple for social occasions. But that was not — it was omitted from the affidavit. It was false, and it was false in a way that lessened — that increased probable cause for the government. With respect to the omissions or the false statements that the vehicle was tracked to 773 Shoreline Point rather than near the residence, that's also prejudicial because on the April 9th date, they told the issuing judge that there was three 15-pound boxes of marijuana coming from — that they contended were coming from that house. Well, if the vehicle was parked a distance away from the house, it was — it would be more — less likely that there was any kind of transfer of big boxes from — from the house to the vehicle. And so the affidavit in the report states it correctly that the vehicle was seen at the Shoreline Point area on a number of occasions. Then when they get to the affidavit, they strengthen it in a way that was false and prejudicial. With respect to the other omission, that they omitted the facts that the Lexus was tracked to other locations, at excerpt of record, page 55, their police report says that on one location, the vehicle was traveled — was tracked — it was — at one time — at one location, the vehicle was tracked several times in the area of Shoreline Point. The way that the context of that statement indicates is that they knew the vehicle was tracked to other locations, and they said one location, it was tracked several times. If you read the context of that statement, it appears that they knew it was — the vehicle was tracked to other locations on other occasions, and that also would have negated less than probable cause. And lastly, with respect to the set of keys and garage door opener that did not work at the Shoreline Point residence, the whole conclusion that the government asked the magistrate judge to — to come to was that that was a stash house that he had access to. And the fact that they said he had two sets of keys but didn't tell the issuing judge that neither one of them went to that house is significant. Thank you. Thank you, counsel. Thank you both for your arguments this afternoon. And the case just argued will be submitted for decision and will be in recess.
judges: Fernandez, Thomas, Ezra